(88 South. 250)

No. 23065.

## SWIFT & CO. v. NEW ROADS OIL MILL & MFG. CO.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Sales** 396—**Petition for overcharge on account of defective quality held to have claimed for loss in weight and bulk and from "off color" included in "refining loss."**

In an action to recover an overcharge on tanks of cotton seed oil bought by plaintiff from defendant, which had guaranteed the quality or grade to be "prime," and agreed that, if the grade should be "off," proper allowance would be made, plaintiff's petition *held* to have claimed not only for loss in weight and bulk of prime oil, but also for loss resulting from "off color," included in "refining loss."

2. **Sales** 77(1)—**Calculation of loss from defective quality made by merchant's exchange should prevail over that by manager of plaintiff buyer.**

In an action for an overcharge on cotton seed oil bought by plaintiff from defendant, which guaranteed the quality or grade of oil to be "prime," and agreed that, if the grade should be "off," proper allowance would be made, *held*, that the calculation of loss made by a merchant's exchange, a disinterested party, on data furnished by plaintiff, should prevail over that made by the manager of plaintiff, though defendant was not absolutely bound by its agreement to submit all complaints to arbitration.

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; Joseph E. LeBlanc, Jr., Judge.

Action by Swift & Co. against the New Roads Oil Mill & Manufacturing Company.

From judgment for an amount less than sued for, plaintiff appeals. Judgment amended by increasing the amount of recovery.

Albin Provosty, of New Roads, for appellant.

Bouanchaud & Kearney, of New Roads, for appellee.

O'NIELL, J. Having sued for $4,237.82, claimed as an overcharge on five tanks of cotton seed oil bought from defendant, and having obtained judgment for $2,201.25, with legal interest from the date on which each payment was made, plaintiff prosecutes this appeal. Defendant has not appealed from the judgment and does not demand a reduction of the amount.

In the contract of sale defendant guaranteed the quality or grade of oil to be "prime," and agreed that, if the grade should be "off," a proper allowance would be made on the price, and that all differences or complaints that might arise in that respect should be settled by arbitration before the Memphis Merchants' Exchange, under the rules of the exchange. The oil was shipped in tank cars, on bills of lading attached to sight drafts, which were paid promptly by plaintiff. On receipt of the oil, a chemical test made in the plaintiff's laboratory disclosed that the grade was "off," not "prime." Before refining the oil, the manager of the plaintiff company sent for the official sampler of the Interstate Cotton Seed Crushers' Association, who took four one-gallon samples from each of the five tanks and sealed each sample hermetically in a tin container. Two of the samples from each car were kept by plaintiff, and the others were placed in the office of the crushers' association. Plaintiff's refiners then proceeded to refine the oil, which was the only method by which the loss could be ascertained and reduced to

money value. Having calculated the amount of the loss, the manager of the plaintiff company made a demand upon defendant for an adjustment and settlement in the manner stipulated in the contract of sale. Defendant refused to abide by the agreement that the matter should be settled by arbitration before the Memphis Merchants' Exchange. Plaintiff, however, obeying the stipulation in the contract, sent the samples of oil, and all data obtained from the refining process and chemical analysis, to the Memphis Merchants' Exchange, and requested a decision. The officers of the exchange made an investigation and rendered an ex parte decision, awarding plaintiff a rebate or allowance of $3,302.24. There appears to be an error in the calculation on the amount of loss allowed per gallon on each tank car, a correction of which error would increase the amount to $3,327.13.

The theory upon which the district judge gave judgment for less than plaintiff claimed, and even for less than was allowed by the Memphis Merchants' Exchange, is that plaintiff sued for only the loss in weight and bulk of prime oil, and not for the loss resulting from "off color" of the oil. During the trial of the case defendant's attorneys objected to the introduction of evidence showing a loss resulting from "off color," contending that in the petition plaintiff had claimed only a "refining loss," and that, technically, "refining loss" included only the loss in weight or bulk of prime oil. The judge overruled the objection and allowed plaintiff to prove loss resulting from "off color," as well as loss in weight or bulk of prime oil. In his final judgment, however, the judge reversed his ruling and allowed compensation only for loss in weight or bulk of prime oil.

[1] It is true in several paragraphs of plaintiff's petition complaint is made only of the "refining loss," which, according to the testimony of some of the expert witnesses in the case, is a technical term which means only the loss in weight or bulk of prime cotton seed oil, and does not include loss resulting from "off color." According to the testimony of other experts, however, the term "refining loss" means merely the loss disclosed by the refining process and includes loss resulting from "off color," as well as loss in weight or bulk of prime oil. A reading of plaintiff's petition from beginning to end shows quite plainly that the term "refining loss," as used therein, meant the loss disclosed by the refining process, and included loss resulting from "off color," as well as loss of weight or volume of prime oil. Both losses are stated in detail in the allegations of the petition, and the prayer is for a judgment for a sum which includes both of the losses alleged. Our opinion is that the pleadings were not defective in that respect, and that the ruling rejecting plaintiff's demand for loss resulting from off color was an error.

[2] We are also of the opinion that the calculation of loss made by the Memphis Merchants' Exchange should prevail over that which was made by the manager of the plaintiff company. The allowance made by the Memphis Merchants' Exchange was calculated by parties having no interest whatever in the controversy, and upon data furnished entirely by the plaintiff. Although defendant should not be absolutely bound by the agreement to submit all complaints to arbitration, or should not be held answerable for any decision which the Memphis Merchants' Exchange might have rendered, the correctness of the decision is not disputed by defendant and appears to do justice between the parties. The loss allowed on each tank car is as follows, viz.:

| Car No. | Gallons. | Date of Pay't. | Loss per Gal. | Amt. Loss. |
|---|---|---|---|---|
| 6254 | 8200 | Oct. 2, 1913 | 4½ ¢ | $ 369.00 |
| 6249 | 8146 | Oct. 9, 1913 | 3 ¢ | 244.38 |
| 6170 | 8240 | Oct. 24, 1913 | 9 ¢ | 741.60 |
| 6228 | 8126⅔ | Nov. 3, 1913 | 12¼ ¢ | 995.51 |
| 6098 | 8138⅔ | Nov. 6, 1913 | 12 ¢ | 976.64 |
| | | | | $3,327.13 |

The judgment appealed from is amended by increasing the amount to $3,327.13, and by allowing interest at 5 per cent. per annum on $369 from October 2, 1913, on $244.38 from October 9, 1913, on $741.60 from October 24, 1913, on $995.51 from November 3, 1913, and on $976.64 from November 6, 1913. Defendant is to pay all costs.

PROVOSTY, J., recused.